William T. North Chase County Attorney P.O. Box 255 Cottonwood Falls, Kansas 66845
Dear Mr. North:
You request our opinion concerning whether the Chase county sheriff is required to transport federal prisoners and prisoners from other counties that are housed in the Chase county jail, to medical appointments. You inform us that in 1992 the board of Chase county commissioners adopted resolution no. 4 which transferred the authority, responsibility and liability for the operations, procedures and functions of the county jail from the Chase county sheriff's office to the Chase county department of corrections and rehabilitation. Based upon such resolution, the Chase county sheriff maintains that the transfer includes the responsibility for transporting prisoners.
K.S.A. 19-811 provides that "[t]he sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same. . . ." This duty includes ensuring that prisoners receive necessary medical care. Mt. Carmel Medical Center v. Board of County Commissioners, 1 Kan. App. 2d 374 (1977). It is our opinion that, generally, a county sheriff is responsible for transporting prisoners to medical appointments. However, in light of resolution no. 4, the issue becomes whether the responsibility for transporting prisoners housed in the Chase county jail is included within those responsibilities transferred from the Chase county sheriff to the Chase county department of corrections and rehabilitation, which is a question of interpretation. It is the policy of this office to refrain from interpreting local legislation. As such, we defer to local authorities to determine whether the intent of resolution no. 4 was to transfer responsibility for transporting prisoners from the Chase county sheriff to the Chase county department of corrections and rehabilitation.
Your second question is whether the board of Chase county commissioners can create the position of transport officer. The board is vested with broad home rule powers to "transact all county business and perform all powers of local legislation and administration it deems appropriate," subject to certain enumerated restrictions. K.S.A. 19-101a, as amended by L. 1996, ch. 68, § 2. Further, K.S.A. 19-212 lists specific powers which may be exercised by the board of county commissioners, including the power "[t]o represent the county and have the care of the county property, and management of the business and concerns of the county, in all cases where no other provisions are made by law." The position of transport officer would provide assistance to the Chase county department of corrections by making it possible to transport federal prisoners in compliance with the requirements of the United States marshall's office.
We find no statutes prohibiting or limiting the county's authority to create such a position. Thus, in our opinion, the board has authority under its home rule powers to create the position of transport officer. [See Attorney General Opinion No. 94-19 which authorizes Chase county to create the position of administrative assistant to the board of county commissioners.]
You also inquire whether a transport officer may carry a weapon because the United States marshall requires that federal prisoners be transported by armed escort. K.S.A. 21-4201, as amended by L. 1996, ch. 149, § 4, governs the criminal use of weapons and generally prohibits an individual from carrying a concealed weapon or possessing an automatic weapon. However, there is an exemption for law enforcement officers, defined at K.S.A. 21-3110(10), and "security personnel and keepers of . . . jails . . . while acting within the scope of their authority." K.S.A. 21-4201(b)(2), as amended by L. 1996, ch. 149, § 4. Your letter does not contain a job description of a transport officer except that such person will be transporting both county and federal prisoners to and from the jail.
Consequently, it appears that the exemption for security personnel may apply and the officer may carry a weapon while acting within the designated scope of his or her authority.
Finally, you inquire concerning what law enforcement authority may be granted to a transport officer. K.S.A. 1995 Supp. 74-5602 defines law enforcement officer within the context of the Kansas law enforcement training act which requires training and certification prior to receiving a permanent appointment as a law enforcement officer. If a transport officer falls within the definition of a law enforcement officer at K.S.A. 1995 Supp. 74-5602(e) then the officer must be certified by the Kansas law enforcement training commission. However, the definition of law enforcement officer does not include any county employee "who is employed solely to perform correctional duties related to jail inmates and the administration and operation of a jail." Thus, if the transport officer falls within this exception, certification would not be required.
Summarizing, a sheriff is required to transport prisoners housed within a county jail to medical appointments. However, a county resolution that transfers the operation of a jail from the sheriff to a county department of corrections may remove that responsibility from the sheriff. Furthermore, pursuant to its home rule powers, a county may create the position of transport officer in a county department of corrections. Such transport officer may carry a concealed weapon while acting within the scope of his or her authority. If the officer's sole function is to transport prisoners, then the officer may not be subject to the certification requirement of the Kansas law enforcement training act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:JHR:jm